**Opinion issued February 26, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00943-CV

———————————

**BARRY DWAYNE MINNFEE, Appellant**

**V.**

**STEPHANIE PROYOR AND FEDERAL BUREAU OF INVESTIGATION,**
**Appellees**

---

**On Appeal from the 400th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 07DCV158888**

---

## MEMORANDUM OPINION

Appellant, Barry Dwayne Minnfee, attempts to appeal from the issuance of

our mandate in his prior appeal. We dismiss the appeal for lack of jurisdiction.

On February 4, 2009, the trial court dismissed the underlying case for want of prosecution. We dismissed appellant's appeal for want of prosecution. *See Minnfee v. Stephanie Proyor and Fed. Bureau of Investigation*, No. 01-09-00506-CV, 2011 WL 2899629 (Tex. App.—Houston [1 Dist.] July 21, 2011, no pet.) (not designated for publication). On October 3, 2011, we denied appellant's motion for rehearing. On May 21, 2012, we issued our mandate. On September 27, 2012, appellant filed a notice of appeal "from the . . . mandate issued on 5-21-12."

Appellant is not entitled to a second appeal from the trial court's judgment dismissing his case. Further, because our plenary power has expired, we cannot vacate or modify our judgment. *See* TEX. R. APP. P. 19.1 (stating, in pertinent part, appellate court's plenary power over its judgment expires 30 days after court overrules all timely filed motions for rehearing), 19.3.

In addition, no independent appeal lies from the issuance of our mandate. "A mandate is the official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court and directing it to have its judgment duly recognized, obeyed, and executed." *Saudi v. Brieven*, 176 S.W.3d 108, 116 (Tex. App.—Houston [1st Dist.] 2004, pet. denied).

We do not reach the issue of the timeliness of appellant's notice of appeal.

We notified appellant that the appeal was subject to dismissal for want of jurisdiction unless he filed a response showing grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a). Appellant filed a response, but it does not show grounds for continuing the appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. *See id.*, 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.